IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND VOEGELI, | ) |
|    Plaintiff, | ) ) ) |
| v. | ) ) ) |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) ) ) |
|    Defendant. | ) |

Case No. CIV-22-57-SM

## MEMORANDUM OPINION AND ORDER

Raymond Voegeli (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A), 1382c(a)(3)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). *See* Docs. 12, 13.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings because the Administrative Law Judge (ALJ) improperly considered the testifying medical expert's opinion that he needed an "at-will" sit/stand option and erred by not addressing in the RFC the frequency with which Petitioner would need to alternate positions. Doc. 14, at 4-8. After a careful review of the record (AR), the parties' briefs, and the

relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C. Relevant findings.

#### 1. Administrative Law Judge's findings.

On remand from the Social Security Administration's Appeals Council, AR 156-58, the ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. *Id.* at 19-36; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since September 2, 2015, the alleged onset date;

(2) had the severe medically determinable impairments of degenerative disc disease, status post laminectomy, diabetes, hypertension, and obesity;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the RFC to perform sedentary work with the following limitations: "stand or walk up to 1 hour a time and do either up to 3 hours total in an 8-hour day, combined for 6 out of 8, sit for a total of 3 to 4 hours at a time and total in an 8-hour day, with all changes of position happening at the workstation without taking a break; never should climb ladders, ropes, scaffolds; occasionally could climb stairs; balance and crawl also would be occasional; frequently could stoop; kneel and crouch could be done continuously; not

3

        exposed to cold or vibrations; could not be exposed to unprotected heights; frequently could operate machinery";

(5)     was unable to perform any past relevant work;

(6)     could perform jobs that exist in significant numbers in the national economy, such as document preparer, press clipping trimmer, and call out operator; and so,

(7)     had not been under a disability from September 2, 2015, through the date of the decision.

*See* AR 22-36.

### 2. Appeals Council's findings.

The Appeals Council denied Plaintiff's request for review, *see id.* at 5-10, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.")

(internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

The Court "consider[s] whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quotations omitted). Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quotations omitted).

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 367 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

### B. Plaintiff challenges the ALJ's consideration of the sit/stand option.

Plaintiff contends the ALJ failed to explain why she rejected the portion of Dr. Mark. R. Stevens's opinion that Plaintiff required an "at will" sit/stand option. *Id.* at 4-8. The Commissioner counters that the ALJ adopted the limitations in the opinion. Doc. 16, at 5-6. And she alternatively asserts that even if the RFC did not precisely capture Dr. Stevens's opinion, the ALJ's error is harmless because the vocational expert (VE) identified occupations that could be performed with a sit/stand option. *Id.* at 6. For the reasons stated below, the Court finds the ALJ did not commit reversible error.

### 1. Dr. Stevens's opinion, the VE's testimony, and the RFC.

Dr. Stevens testified at the hearing as a medical expert. AR 55-59. Based on his review of the record, Dr. Stevens opined that Plaintiff could sit for three-to-four hours at a time, stand for an hour at a time, and walk for an hour at a time. *Id.* at 57. During an eight-hour day, Dr. Stevens believed Plaintiff could stand for a total of two-to-three hours, walk for a total of two-to-three hours, and sit for a total of three-to-four hours—"[f]or him to break . . . up in any way he sees fit to relieve pain or make him more comfortable." *Id.* When asked if he believed Plaintiff would need a ten- or fifteen-minute break each time to shift positions, Dr. Stevens responded that he did not believe so. *Id.*

> The ALJ's hypothetical to the VE included the following limitation:
>
> A person could stand or walk up to one hour at a time and do either up to two to three hours total in an eight-hour day. So, in other words, a person could walk up to one hour at a time, do that three hours total in a workday. Could stand up to one hour at a time up to three hours total. So, combined would equal six out of eight for this version. A person could sit for a total of three to four hours at a time and that would be the total in an eight-hour day. With all changes of position happening at the workstation without taking a break. So, in other words, a person may have been sitting for eight hours and just will get up and keep working for that full eight-hour workday without taking a break.

*Id.* at 68-69. The VE testified that "based on this hypothetical, it sounds like there would be the need for a sit/stand option." *Id.* at 69-70. The VE testified a person with the sit/stand limitation as phrased by the ALJ could perform the sedentary jobs of document preparer, press clipping trimmer, and call out operator. *Id.* at 72-75. In determining how many jobs were available in the national economy, the VE "reduce[d] the number by 50 percent because those are jobs that will not allow the sit/stand option." *Id.* at 70, 72-75.

In the decision, the ALJ recited Dr. Stevens's opinion—including the portion that Plaintiff "should be allowed to break up sitting, standing, and walking as he sees fit to make him more comfortable, but without taking a break." *Id.* at 32. The ALJ found the opinion "highly persuasive as well supported by and consistent with the medical evidence of record." *Id.* The ALJ formulated the RFC to allow Plaintiff to "stand or walk up to 1 hour a time and

7

do either up to 3 hours total in an 8-hour day, combined for 6 out of 8, sit for a total of 3 to 4 hours at a time and total in an 8-hour day, with all changes of position happening at the workstation without taking a break." *Id.* at 24.

> **2. The most reasonable construction of the RFC and the VE's hearing testimony is that the ALJ anticipated Plaintiff could choose when to sit and when to stand throughout the full time spent at his workstation.**

"In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of . . . sedentary . . . work except that the person must alternate periods of sitting and standing." SSR 83-12, 1983 WL 31253, at *4 (1983). In such cases, the ALJ must specify the frequency at which Plaintiff would need to alternate sitting and standing when the claimant is unable to perform less than a full range of sedentary work. SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996) ("The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing."); *see also Verstraete v. Astrue*, 2013 WL 238193, at *4-5 (D. Kan. Jan. 22, 2013) (collecting cases). If there is an unusual limitation of a claimant's ability to sit or stand, "a [VE] should be consulted to clarify the implications for the occupational base." SSR 83-12, 1983 WL 31253, at *4.

Plaintiff argues the ALJ failed to specify the frequency at which he would need to alternate sitting and standing. Doc. 14, at 6-7. The Commissioner argues that "[t]he ALJ's language can easily be read to identify Plaintiff's need

8

for [a] sit/stand option." Doc, 16, at 6. But the RFC language—noting that Plaintiff's changes of position could happen at the workstation without taking a break—does not specify the frequency at which Petitioner would need to alternate positions. *See Robben v. Comm'r of Soc. Sec.*, No. CIV-18-600-R, 2019 WL 948450, at *3 (W.D. Okla. Feb. 4, 2019) ("The RFC language regarding Plaintiff's ability to 'remain on task and attentive to duties at all times' does not indicate how often Plaintiff would need to change positions—it merely suggests that the process of changing positions would not distract Plaintiff from her work tasks."), *adopted*, 2019 WL 948040 (W.D. Okla. Feb. 26, 2019); *Hardzog v. Berryhill*, No. CIV-16-597-STE, 2017 WL 421925, at *3 (W.D. Okla. Jan. 31, 2017) (finding an RFC identifying a claimant's need "to occasionally sit/stand at the workstation" was "silent regarding the frequency with which he would need to alternate positions"); *Marlowe v. Colvin*, No. CIV-14-314-M, 2015 WL 1509007, at *1 (W.D. Okla. Mar. 31, 2015) ("[T]he Court finds that the limitation described by the ALJ—allowing plaintiff to sit or stand without a loss of productivity—is not sufficiently specific as to the frequency of plaintiff's need to alternate sitting and standing.").

The inquiry does not end there, however. In determining whether the ALJ met the requirement to address the frequency at which a claimant needs to change positions, the Court can look to the ALJ's interaction with the VE.

9

*See Jimison ex rel. Sims v. Colvin*, 513 F. App'x 789, 792 (10th Cir. 2013) ("Although the ALJ did not specify in his written RFC that the sit/stand option was at will, there can be no question that this was the ALJ's finding because he did not correct the VE when the VE told Ms. Sims's attorney that the vocational assessment was based on that assumption."); *Fisher v. Astrue*, 2012 WL 405497, at *8 (D. Kan. Feb. 7, 2012) (affirming the agency decision where RFC for light work did not state how frequently the claimant would need to change positions, did not mention a sit/stand option or that the need to sit or stand was at will, but "the ALJ was more specific in setting forth the frequency of the need to alternate sitting and standing when he asked the [VE] whether there were jobs in which [the claimant] could sit or stand 'at will'").

Here, the ALJ consulted the VE "to clarify the implications for the occupational base." SSR 83-12, 1983 WL 31253, at *4. The ALJ incorporated an as-needed sit/stand option into her hypothetical question to the VE by postulating that "a person may have been sitting for eight hours and just will get up and keep working for that full eight-hour workday without taking a break." AR 68-69.

The VE responded to the hypothetical noting that "it sounds like there would be the *need for a sit/stand option*." *Id.* at 69-70 (emphasis added). She noted "the [Dictionary for Occupational Titles] does not address the sit/stand

option." *Id.* at 70. She then identified sedentary jobs that would meet this hypothetical requirement and reduced the number by half to account for the sit/stand option. *Id.* at 72-75. The ALJ relied on the VE's testimony. Considering the ALJ's hypothetical example and the VE's reduction of the number of each available job by fifty percent because of the sit/stand option, "the most reasonable construction of the hearing testimony is that the VE understood" the ALJ's hypothetical to mean "that the person could choose when to sit and when to stand throughout the full time spent at her workstation." *Smallwood v. Colvin*, No. CIV-15-770-CG, 2016 WL 5717738, at *7 (W.D. Okla. Sept. 30, 2016). Thus, the Court finds the ALJ did not err in addressing the frequency at which Plaintiff needed to alternate sitting and standing. *Jimison*, 513 F. App'x at 792 ("The option to sit or stand at will permits the claimant to control the frequency at which she alternates positions. No greater specificity would be possible.").

> **3. The ALJ did not fail to adopt Dr. Stevens's opinion about the sit/stand option. Her RFC assessment mirrored Dr. Stevens's restrictions on Plaintiff's ability to sit, stand, or walk, which ability Plaintiff does not contest.**

When Dr. Stevens found Plaintiff needed to break up his sitting, standing, or walking "in any way he sees fit" to relieve pain or for comfort, he expected that Plaintiff would change positions at will. *See id.* ("The option to

sit or stand at will permits the claimant to control the frequency at which she alternates positions."). Plaintiff contends the ALJ erred because she "failed to explain why [s]he rejected (by omission) the more restrictive limitation of the at will portion of the sit/stand option in h[er] RFC, which was error requiring remand." Doc. 14, at 6. But, as the Court has explained, the ALJ did not ignore any sit/stand limitation.

"If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Here, the ALJ found Dr. Stevens's opinion "highly persuasive" and did not suggest she rejected any portion of it— including the "at-will" sit/stand option. As shown above, while the RFC assessment in the decision did not specifically include an at-will requirement, the ALJ's hypothetical incorporated an at-will sit/stand option. *See supra* §II.B.2. Thus, the Court finds the ALJ adopted, rather than rejected, Dr. Stevens's opinion about the sit/stand option. The ALJ did not err.[2]

---

[2] Even if the ALJ erred by not specifically including the limitation in the RFC, the error would be harmless—the hypothetical question to the VE tracked Dr. Stevens's opinion and the VE testified the hypothetical individual could perform the jobs identified by the ALJ at step five. *See Moua v. Colvin*, 541 F. App'x 794, 798 (10th Cir. 2013) ("The ALJ relied on the VE's opinion that included an upper left extremity restriction, so any error by the ALJ in omitting the restriction from his written decision is harmless and does not require a remand.").

## III. Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 1st day of September, 2022.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE